# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MOL GLOBAL, INC. SECURITIES LITIGATION | Civil Action No. 14-Civ-9357 (WHP) **ECF Case** |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Settlement Agreement" or "Stipulation"), dated as of April 8, 2016, made and entered into by and among Lead Plaintiff Lembaga Tabung Amanah Pekerja (the "TAP Retirement Fund" or "Plaintiff") on behalf of itself and, by operation of law, on behalf of each member of the Settlement Class,[1] and MOL Global, Inc. ("MOL"), certain of its officers, directors, and controlling shareholders, and Citigroup Global Markets Inc., Deutsche Bank Securities Inc., and UBS Securities LLC, underwriters of MOL's October 9, 2014 initial public offering ("IPO") (collectively, the "Defendants"),[2] by and through their undersigned counsel (Plaintiff and Defendants are collectively, the "Settling Parties").  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended by the Settling Parties to fully, finally, and forever compromise, resolve, release, waive, discharge, settle, and dismiss with prejudice, the Released Claims and Released Defendants' Claims (both of which include Unknown Claims).

---

[1] Unless otherwise specified, all undefined terms with initial capitalization are defined below.

[2] Defendants Citigroup Global Markets Inc., Deutsche Bank Securities Inc., and UBS Securities LLC are collectively referred to as the "Underwriter Defendants." Defendants Ganesh Kumar Bangah, Allan Sai Wah Wong, Craig White, Yit Fei Chang, Tek Kuang Cheah, Mun Kee Chang, Eric He, Noah J. Doyle, and Tan Sri Dato' Seri Vincent Tan are collectively referred to as the "Individual Defendants," and together with MOL, are referred to as the "MOL Defendants."  The MOL Defendants and the Underwriter Defendants are collectively referred to as the "Defendants."

## I.       THE LITIGATION

Currently pending before the District Court is a consolidated action on behalf of all Persons and entities that purchased MOL's American Depositary Shares ("ADS") pursuant and/or traceable to the IPO's registration statement and prospectus (collectively, the "Offering Documents") which also became effective the date of the IPO.  In connection with the IPO, MOL filed a final prospectus with the United States Securities and Exchange Commission ("SEC") that became effective on October 9, 2014. Defendants completed the IPO on or about October 9, 2014, and sold 13.5 million MOL ADS at a price of $12.50 per ADS.

Initial complaints in this action were filed on November 24, 2014, November 25 and December 2, 2014.  By order dated May 8, 2015 (the "Order") (ECF No. 65), the District Court consolidated the actions and appointed TAP Retirement Fund as Lead Plaintiff in Case No. 14 Civ. 9357.  By the same Order, the District Court further appointed Kirby McInerney LLP ("Lead Counsel") as lead counsel for the putative class in the Consolidated Action.

On July 7, 2015, Plaintiff filed a Consolidated Class Action Complaint.  (ECF No. 69.) On October 7, 2015, Plaintiff filed the Second Consolidated Amended Class Action Complaint (the "CAC") alleging that in violation of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), the Offering Documents materially misrepresented: (i) MOL's revenue during 2013 and the first half of 2014, (ii) the revenue recognition policies underlying such revenues, and (iii) material weaknesses in MOL's internal controls. The CAC also alleged that the Offering Documents omitted to disclose MOL's disappointing financial results for the recently-completed third quarter of 2014 (the "Q3 Results").

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiff in the litigation.  Defendants contend that they did not make any materially false or

misleading statements, and that they disclosed all material information required to be disclosed by the federal securities laws. Defendants also contend that any losses suffered by members of the Class were not caused by any false or misleading statements by Defendants and/or were caused by intervening events.

On November 6, 2015, MOL and the Underwriter Defendants moved to dismiss the CAC. On December 7, 2015, Plaintiff filed its Opposition to the motions to dismiss the CAC. MOL and the Underwriter Defendants filed replies in support of their motions to dismiss on December 21, 2015. These motions were pending at the time this Settlement was reached.

On January 11, 2016, counsel for Plaintiff and Defendant MOL participated in mediated settlement negotiations before former United States District Court Judge Layn Phillips (Ret.) of Phillips ADR Enterprises, P.C. (the "Mediator"). The Mediator continued to hold discussions with the parties in the weeks that followed, and with the Mediator's assistance, the Plaintiff and MOL ultimately reached an agreement in principle to settle the Consolidated Action on behalf of all Defendants, for USD$8,500,000, to be paid or caused to be paid by MOL for the benefit of the Settlement Class, as was set forth in a Settlement term sheet executed on February 23, 2016.

## II. PLAINTIFF'S CLAIMS AND BENEFITS OF THE SETTLEMENT

Plaintiff and Lead Counsel believe that the claims asserted in the Consolidated Action have merit. Prior to entering into this Stipulation, Plaintiff and Lead Counsel made a thorough investigation into the facts and circumstances relevant to the allegations in the Consolidated Action. However, Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Consolidated Action against Defendants through trial and through appeals. Lead Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex securities class action cases such as

the Consolidated Action, as well as the difficulties, costs, and delays inherent in such litigation. Lead Counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Consolidated Action.

Based on Lead Counsel's evaluation of public and non-public documents, negotiations with counsel to MOL, and after full briefing of the motions to dismiss currently pending before the District Court, Lead Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiff and the Settlement Class, and in their best interests, and have agreed to settle the claims raised in the Consolidated Action after considering: (a) the substantial benefits that Plaintiff and the members of the Settlement Class will receive from settling the Consolidated Action; (b) the attendant risks associated with further litigation; and (c) the desirability of permitting the Settlement to be consummated on the terms and conditions of this Stipulation.

## III.   DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

Defendants have asserted and continue to assert that all claims and allegations raised in the Consolidated Action are without merit, and Defendants have denied and continue to vigorously deny all allegations of wrongdoing or liability, whether by act or omission, with respect to each and all of the claims and contentions that were alleged or that could have been alleged by the members of the Settlement Class.

Defendants have asserted and continue to assert many defenses to the claims and allegations in the Consolidated Action and, notwithstanding this Stipulation, Defendants expressly assert that their defenses are meritorious and that they have no liability to the Settlement Class.  Defendants also deny that any member of the Settlement Class suffered any damages or was harmed or that the price of MOL ADS was affected in any way by the alleged conduct, statements, acts, or omissions asserted in the Consolidated Action against Defendants.

4

There has been no determination on the merits by any court, administrative agency, or other tribunal as to the factual allegations made against Defendants in the Consolidated Action. Defendants, while affirmatively denying any and all allegations of wrongdoing, fault, liability, or damage to the Settlement Class whatsoever, and without conceding any infirmity in the defenses asserted or that could have been asserted in response to any allegations in the CAC, consider it desirable that the Consolidated Action be dismissed in order to finally put to rest any and all Released Claims and to avoid further the expense, distraction, and burden of protracted litigation.

Neither this Stipulation nor any document referred to herein nor any action taken to carry out this Stipulation is, may be construed as, or may be used as an admission by or against the Defendants or any of the Released Parties of any fault, wrongdoing, or liability whatsoever. Neither this Stipulation nor the Settlement set forth herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (i) is or shall be deemed to be or shall be used as an admission of the Defendants, any of the Released Parties, or any other Person of the validity of any Released Claim, or any wrongdoing by or liability of any of the Defendants or Released Parties; (ii) is or shall be deemed to be or shall be used as an admission of any fault or omission of the Defendants or any of the Released Parties in any statement, release, or written document issued, filed, or made; (iii) shall be offered or received in evidence against any of the Defendants or the Released Parties in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to consummate or enforce this Stipulation, the Settlement set forth herein, the releases provided pursuant thereto, and/or the Final Approval Order, except that this Stipulation may be filed in the Consolidated Action or in any subsequent action brought against the Defendants, their insurers, and/or any of the Released Parties in order

to support a defense or counterclaim of the Defendants and/or any of the Released Parties of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in this Stipulation as injunctive relief; or (iv) shall be construed against the Defendants, the Released Parties, the Plaintiff, and/or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after a trial of the Consolidated Action.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, without any admission or concession on the part of Plaintiff of any lack of merit of the Consolidated Action whatsoever, and without any admission or concession on the part of the Defendants of any liability or wrongdoing or lack of merit in the defenses whatsoever, by and among Plaintiff, for itself and on behalf of all members of the Settlement Class, and Defendants, by and through their respective counsel, that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and subject to the approval of the District Court and the other conditions set forth herein, the Consolidated Action and the Released Claims, as defined herein, shall be finally and fully settled, compromised, and released, and the Consolidated Action shall be dismissed on the merits and with prejudice, as to all Settling Parties, as follows.

### A.    DEFINITIONS

As used in this Stipulation and the Exhibits attached hereto (the "Exhibits"), the following terms shall have the meanings set forth below, unless otherwise indicated:

1.    "Authorized Claimant" means a member of the Settlement Class who files a timely and valid Claim Form, in accordance with the requirements established by the District Court, that is approved for payment from the Net Settlement Fund.

2.    "Claim" means a completed and signed Claim Form submitted to the Claims Administrator in accordance with the instructions on the Claim Form.

3.    "Claim Form" means the Proof of Claim and Release Form annexed hereto as Exhibit A-3, which will be mailed to members of the Settlement Class with the Notice, and which must be completed in order for the Claimant or Settlement Class Member to be eligible to share in a distribution of the Net Settlement Fund.

4.    "Claimant" means a Person that submits a Claim Form to the Claims Administrator seeking to share in the proceeds of the Settlement Fund.

5.    "Claims Administrator" means the firm retained by Lead Counsel on behalf of the Settlement Class, subject to approval of the District Court, to provide all notices approved by the District Court to potential Settlement Class Members and to administer the Settlement.

6.    "Class Distribution Order" means the order distributing the proceeds of the Net Settlement Fund to Authorized Claimants.

7.    "Class Member" or "Settlement Class Member" means a Person that is a member of the Settlement Class, including, without limitation, Lead Plaintiff, and any other person or entity who does not exclude himself, herself, or itself by filing a request for exclusion in accordance with the requirements set forth in the Notice.

8.    "Class Period" means the period from October 9, 2014 through November 21, 2014, inclusive.

9.      "Consolidated Action" means the consolidated securities class action styled *In re MOL Global, Inc. Securities Litigation*, Civil Action No. 1:14-Civ-9357 (WHP).

10.     "Defendants' Counsel" means the law firm of Skadden, Arps, Slate, Meagher & Flom LLP on behalf of defendant MOL Global, Inc., and Shearman & Sterling LLP on behalf of the Underwriter Defendants.

11.      "District Court" means the United States District Court for the Southern District of New York.

12.     "Effective Date" means the date by which all of the following have occurred:  (i) the Settlement has been approved in all material respects by the District Court (unless any material change has been agreed upon by the Settling Parties); (ii) the Final Approval Order has been entered by the District Court; and (iii) the time to appeal the Final Approval Order has expired without the filing of any appeals, or, in the event of any appeal, an order has been entered dismissing the appeal or affirming the Final Approval Order, and any time period for further appeal, including a petition for writ of certiorari, has expired.  The Effective Date shall occur even if an appeal is taken from or review is sought of the Final Approval Order, if such appeal(s) or petition(s) for review concerns solely one or more of the following: (a) any award to Plaintiff's Counsel of attorneys' fees and expenses or the allocation of said attorneys' fees and expenses among counsel, or (b) the allocation of the Net Settlement Fund among members of the Settlement Class.

13.     "Escrow Account" means the bank account maintained by the Escrow Agent into which the Gross Settlement Fund shall be deposited.

14.     "Escrow Agent" means the law firm of Kirby McInerney LLP.

15.    "Fee and Expense Application" means the application submitted by Plaintiff's Counsel seeking a Fee and Expense Award.

16.    "Fee and Expense Award" means the attorneys' fees, expenses, and costs, including the fees of experts and consultants, as may be awarded by the District Court to Plaintiff's Counsel in connection with commencing and prosecuting the Consolidated Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class).

17.    "Final Approval Order" or "Judgment" means the Order and Final Judgment, which is substantially in the form attached hereto as Exhibit B, giving final approval of the Settlement, which is to be entered in this Consolidated Action pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  As used herein, "final" means when the last of the following with respect to the Final Approval Order or Judgment, shall occur: (i) the expiration of three (3) business after the time to file a motion to alter or amend the Final Approval Order under Rule 59(e) of the Federal Rules of Civil Procedure has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be 33 days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal (and without being subject to further appeal or review by petition for a writ of certiorari) in such a manner as to permit the consummation of the Settlement in accordance with the terms and

conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses or the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to the Plan of Allocation and/or application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Final Approval Order from becoming final.

18.    "Gross Settlement Fund" means the sum of eight million, five hundred thousand United States dollars ($8,500,000), plus interest earned thereon (collectively with the Net Settlement Fund, the "Settlement Fund").

19.    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

20.    "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest or as to which its affiliates may act as an investment advisor but in which the Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

21.    "Lead Counsel" means the law firm of Kirby McInerney LLP.

22.    "Net Settlement Fund" means the Gross Settlement Fund less all Taxes, Notice and Administration Costs, and Fee and Expense Award paid out of the Gross Settlement Fund in

accordance with this Stipulation, the Preliminary Approval Order, the Final Approval Order, and any other orders of the District Court.

23.     "Notice" means the Notice of Settlement of Class Action and Settlement Fairness Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, which is to be mailed to members of the Settlement Class in substantially the form attached hereto as Exhibit A-1.

24.     "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with (i) providing notices to the Class, and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

25.     "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business, or legal entity, and its/their heirs, trustees, receivers, executors, administrators, predecessors, successors, representatives, or assigns.

26.     "Plaintiff's Counsel" means Lead Counsel and all other legal counsel for plaintiffs who performed services on behalf of or for the benefit of the Settlement Class.

27.     "Plan of Allocation" means the terms and procedures for allocating and distributing the Net Settlement Fund as set forth in the Notice, or such other Plan of Allocation approved by the District Court.

28.     "Preliminary Approval Order" means the Order of Preliminary Approval of Settlement, which is in substantially the form of Exhibit A hereto, to be entered by the District Court preliminarily approving the Settlement.

29.    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, *et seq.*, as amended.

30.    "Recognized Loss" means the alleged loss attributed to a Settlement Class Member's investment in MOL ADS sold in the IPO pursuant to the Registration Statement through the formula set forth in the Plan of Allocation.

31.    "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' and consultants' fees, actions, potential actions, causes of action, suits, judgments, decrees, matters, as well as issues and controversies of any kind, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, suspected or unsuspected, fixed or contingent, including Unknown Claims, that Plaintiff or any and all members of the Settlement Class ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, individual, class, representative, legal, equitable, or of any other type, in their capacity as unitholders of MOL ADS, against any of the Released Parties, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule (including, but not limited to, any claims under federal securities laws or state common law), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, that were, could have been, or in the future can or might be alleged, asserted, set forth, or claimed in connection with the Consolidated Action or the subject matter of the Consolidated Action in any court, tribunal, forum, or proceeding, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or

indirectly, (i) MOL's public statements and SEC filings which arise out of or relate in any way to the subject matter of the Consolidated Action; (ii) actions taken by the Individual Defendants which arise out of or relate in any way to the subject matter of the Consolidated Action; (iii) any transaction in MOL securities by any Defendant or affiliated entity; (iv) public statements made by the Individual Defendants which arise out of or relate in any way to the subject matter of the Consolidated Action, and (v) arise out of or are based upon the purchase, sale, decision to hold, or other acquisition of MOL securities; *provided*, *however*, that the Released Claims shall not include the right to enforce the Stipulation of Settlement.

32.   "Released Defendants' Claims" means any and all claims, rights, liabilities, or causes of action, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Consolidated Action or any forum by the Defendants or Released Parties, against Plaintiff and Plaintiff's Counsel, other members of the Settlement Class or their respective attorneys, which arise out of or relate in any way to the institution, prosecution, defense, and the settlement of the Consolidated Action; *provided*, *however*, that the release of Plaintiff and Plaintiff's Counsel, and Settlement Class Members and their counsel, shall not include the right to enforce the Stipulation of Settlement.  Released Defendants' Claims also do not include, release, bar, or waive claims against any Person who submits a request for exclusion in accordance with the terms set forth herein from the Settlement Class and who does not withdraw his, her, or its request for exclusion and whose request is accepted by the District Court.

33.   "Released Parties" means, whether or not each or all of the following Persons or entities were named in the Consolidated Action or any related suit, (i) any and all Defendants

and former defendants in this Action, including but not limited to the Individual Defendants and

the Underwriter Defendants and other underwriters of the MOL IPO; (ii) any Person which is,

was, or will be related to or affiliated with any or all of the Defendants and former defendants in

this Action, including but not limited to the Individual Defendants and the Underwriter

Defendants and other underwriters of the MOL IPO, or in which any or all of the Defendants or

former defendants in this Action, including but not limited to the Individual Defendants and the

Underwriter Defendants and other underwriters of the MOL IPO, has, had, or will have a

controlling interest; and (iii) the respective Immediate Family Members,  heirs, trusts, trustees,

receivers, executors, estates, administrators, beneficiaries, distributees, foundations, agents,

employees, fiduciaries, general partners, limited partners, partnerships, joint ventures, affiliated

investment funds, affiliated investment vehicles, affiliated investment managers, affiliated

investment management companies, member firms, corporations, parents, subsidiaries, divisions,

affiliates, associated entities, stockholders, principals, officers, directors, managing directors,

members, managers, predecessors, predecessors-in-interest, successors, successors-in-interest,

assigns, bankers, underwriters, brokers, dealers, lenders, attorneys, insurers, co-insurers, re-

insurers, and associates of each and all of the foregoing.

34.    "Releasors" means Plaintiff and, by operation of law, the members of the

Settlement Class, collectively (each a Releasor), including, without limitation, their respective

past, present, and future partners; estates; beneficiaries; distributees; foundations; fiduciaries;

investment funds; investment vehicles; investment managers; trusts; trustees; receivers;

principals; members; owners; parents; subsidiaries; affiliates; heirs; executors; administrators;

representatives; predecessors; predecessors-in-interest; successors; successors-in-interest;

transferees; assigns; joint venturers; subcontractors; agents; attorneys; insurers, co-insurers,

reinsurers; and subrogees, as well as all of their respective past, present, and future officers; directors; employees; members; partners; principals; unitholders; shareholders; and owners; and all their respective heirs; executors; administrators; personal representatives; predecessors; successors; transferees; and assigns; and any and all Persons or corporate entities in privity with them or acting in concert with any of them acting in their capacities as such.

35.     "Settlement" means the compromise and settlement contemplated by this Stipulation.

36.     "Settlement Class" or "Class" for settlement purposes only means all Persons who purchased MOL ADS during the Class Period (October 9, 2014 through and including November 21, 2014).   Excluded from the Class by definition are any and all Defendants and their Immediate Family Members, and the officers and directors and affiliates of the Defendants, during the Class Period, including but not limited to the Individual Defendants and the Underwriter Defendants, Immediate Family Members of the Individual Defendants, and any Person, firm, trust, corporation, officer, director, or other individual or entity in which during the Class Period any Defendant had  a majority interest; also excluded from the Class are the legal representatives, heirs, administrators, successors-in-interest, or assigns of any such excluded party, provided however, that any Investment Vehicle (as defined herein) shall not be deemed an excluded person or entity by definition.   Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in the Notice.

37.     "Settlement Hearing" means a hearing to be held by the District Court on notice to the Settlement Class, to consider approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application.

38.     "Settling Parties" means Plaintiff, on behalf of itself and the Settlement Class Members, and Defendants.

39.     "Summary Notice" means the Summary Notice, which is to be published in the form attached hereto as Exhibit A-2.

40.     "Taxes" means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the reasonable expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

41.     "Underwriter Defendants" shall have the same meaning given in the CAC.

42.     "Unknown Claims" means any claim that Plaintiff or any members of the Settlement Class does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including, without limitation, those claims which, if known, might have affected the decision to enter into the Stipulation. With respect to any of the Released Claims, the Parties stipulate and agree that upon final approval of the Settlement, Plaintiff shall expressly and each member of the Settlement Class shall be deemed to have waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under California Civil Code § 1542 or any law of the United States or any state of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff acknowledges, and the members of the Settlement Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiff, and by operation of law the members of the Settlement Class, to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or previously existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiff acknowledges, and the members of the Settlement Class by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for, was a material element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Stipulation of Settlement.

### B.      TERMS AND CONDITIONS

#### Class Certification

43.     Solely for purposes of the Settlement and for no other purpose, each of the Settling Parties stipulates and agrees to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of the Plaintiff as class representative on behalf of the Settlement Class; and (c) appointment of Lead Counsel as lead counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**Gross Settlement Fund**

44.     In full settlement of any and all Released Claims, MOL shall cause the amount of $8,500,000 (the "Settlement Amount") to be paid into the Escrow Account in accordance with the terms of this Stipulation.  No other Defendant shall be obligated to pay any amount.

45.     The payment made by or caused to be made by MOL of the Settlement Amount set forth in Paragraph 44 shall be made within fifteen (15) business days following the satisfaction of each of the following requirements: (i) receipt by MOL of payee information for the Escrow Account including the name, tax identification number, and receipt of a properly executed W-9 form for the Escrow Account; and (ii) the issuance by the District Court of the Preliminary Approval Order.

46.     Lead Counsel shall cause the Gross Settlement Fund to be invested in short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), or in a fully United States Government-insured account, and shall reinvest the proceeds as they mature, except that any residual cash balances of $250,000 or less may be deposited in an account that is fully insured by the FDIC.  In the event that the yield on securities identified herein is negative, in lieu of purchasing such securities, all or any portion of the Gross Settlement Fund held by the Escrow Agent may be deposited in a non-interest bearing account that is fully insured by the FDIC.  The Released Parties shall not have any responsibility or liability whatsoever for investment decisions with respect to the funds held in the Escrow Account.

47.     All settlement funds held pursuant to this Stipulation shall be deemed and considered to be in the legal custody of the District Court until such time as those funds are distributed pursuant to this Stipulation or further order(s) of the District Court.

48.     The Settling Parties agree that immediately upon transfer of the Gross Settlement Fund to the Escrow Account, the Gross Settlement Fund is intended to be and shall be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that the Escrow Agent, as administrator of the Escrow Account within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund and paying from the Escrow Account any Taxes owed with respect to the Settlement Fund.  Such tax returns shall be consistent with the terms herein and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.  Lead Counsel, or their agents, shall also timely pay Taxes and tax expenses out of the Settlement Fund, and are authorized to withdraw, without prior order of the Court, from the Escrow Account amounts necessary to pay Taxes and tax expenses.  All Taxes arising with respect to the income earned by the Settlement Fund, including any Taxes or tax treatments that may be imposed upon the Defendants with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes and any expenses and costs incurred in connection with the payment of Taxes pursuant to this paragraph (including without limitation, expenses of tax attorneys and/or accountants and mailing, administration and distribution costs and expenses relating to the filing or the failure to file all necessary or advisable tax returns), shall be paid out of the Settlement Fund.  The Defendants shall not have any liability or responsibility for the Taxes or any Tax expenses.

49.     This is not a claims-made settlement and, if all conditions under the Stipulation are satisfied and the final approval of the District Court is given, no consideration will be returned to the parties contributing to the Gross Settlement Fund for any reason, including without limitation, the number of Proofs of Claim filed, the collective amount of Recognized Losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

50.     The settlement claims process will be administered by the Claims Administrator under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Defendants will have no involvement in reviewing or challenging claims in connection with that process.

51.     Apart from MOL causing payment of the agreed amounts into the Gross Settlement Fund, as described in Paragraphs 44 and 45, neither Defendants nor Defendants' Counsel shall have any responsibility for the administration of the Settlement, including, but not limited to, the processing of claims, determination of the claimants entitled to participate in the distribution of the Net Settlement Fund, making any payments to the Claims Administrator, or determination as to the amounts to be distributed to Authorized Claimants.

**Allocation of the Net Settlement Fund to Authorized Claimants**

52.     In order to distribute the Net Settlement Fund fairly among the members of the Settlement Class, Lead Counsel has determined, in consultation with an expert, that the Net Settlement Fund shall be distributed to Authorized Claimants on a pro rata basis, with each Authorized Claimant receiving an amount equal to the proportion of his/her/its Recognized Loss to the aggregate Recognized Loss of all Authorized Claimants (except as provided in Paragraph 66).  In no case shall an Authorized Claimant receive an amount in excess of his/her/its total Recognized Loss.

53.     Each Authorized Claimant's Recognized Loss shall be determined in accordance with the Plan of Allocation.

54.     It is understood and agreed that any proposed Plan of Allocation or any adjustment of an Authorized Claimant's Recognized Loss is not a part of this Stipulation and is to be considered by the District Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and that any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation or affect the finality of the District Court's judgments approving this Stipulation and the Settlement, or any other order entered pursuant to this Stipulation.

55.     No Person shall have any claim against Plaintiff and Plaintiff's Counsel, the Claims Administrator, or any other agent designated by Plaintiff's Counsel based on distributions made substantially in accordance with this Stipulation, or the Plan of Allocation, provided that they are approved by the District Court.  No Person shall have any claims against Defendants or Defendants' Counsel based on any distributions, including, without limitation, distributions made pursuant to this Stipulation, to the Plan of Allocation, or pursuant to further order(s) of the District Court.  Further, Defendants shall have no obligation or responsibility whatsoever with respect to the distribution and/or allocation of the Net Settlement Fund or any attorneys' fees and expenses awarded by the District Court pursuant to this Stipulation.

56.     Unless a potential claimant has elected to be excluded from the proposed Settlement Class, Settlement Class Members who do not submit an acceptable Claim Form, as more fully set forth below, or whose claims, in whole or in part, are not deemed approved, will not share in the Net Settlement Fund.  Notwithstanding, these Persons described in the preceding

sentence shall still be bound by the terms and conditions of this Stipulation, and will be forever barred from prosecuting the Released Claims in this Consolidated Action or in any other proceeding.

### Administering Claims of Authorized Claimants

57.    Any member of the Settlement Class who has not excluded himself, herself, or itself from the Settlement Class shall be treated as an Authorized Claimant for purposes of this Stipulation if that Settlement Class Member satisfies the following conditions:

a.    In order to be treated as an Authorized Claimant, a member of the Settlement Class must return to the Claims Administrator a Claim Form substantially in the form of Exhibit A-3 annexed hereto.  Said Claim Form shall include a release of all Released Claims against all Released Parties, as set forth herein.

b.    The determination of whether a potential claimant is an Authorized Claimant is within the discretion of the Claims Administrator.

58.    The Claims Administrator shall retain all Claim Forms and shall, upon request, provide copies to the District Court and to the Defendants.

59.    The Claims Administrator shall administer the process of receiving, reviewing, and approving or denying Claims under Lead Counsel's supervision and subject to the jurisdiction of the District Court.  Other than MOL's obligation to use reasonable efforts to assist Lead Counsel in obtaining transfer and other records, as provided herein, Defendants and Defendants' Counsel shall have no responsibility whatsoever for the administration of the Settlement or the claims process and shall have no liability whatsoever to any Person, including, but not limited to, Plaintiff, Plaintiff's Counsel, or any other Settlement Class Member (including their respective attorneys or agents) in connection with such administration. However, and without conferring any responsibility or liability for the administration of the Settlement,

Defendant MOL agrees that it will cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

60.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss compared to the total Recognized Losses (as defined in the Plan of Allocation) of all Authorized Claimants.

61.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the District Court.  Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on any court's ruling with respect to the Plan of Allocation, any modification made to the Plan of Allocation, or the application of any other plan of allocation as may be ordered by the District Court in the Consolidated Action.  No Defendant shall have any involvement in, or responsibility or liability whatsoever for the Plan of Allocation or the allocation of the Net Settlement Fund.

62.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including, without limitation, the terms of the Judgment and the releases provided for therein (as well as the releases contained in this Stipulation), and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Released Claim.

63.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  No Defendant, or any other Released Party shall have any liability, obligation, or responsibility whatsoever for the administration of

the Settlement or disbursement of the Net Settlement Fund.  No Defendant or any other Released Party shall be permitted to review, contest, or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Settlement Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

64.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each Settlement Class Member shall be required to submit a Claim Form, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.    All Claim Forms must be submitted by the date set by the District Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by order of the District Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by order of the District Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including, without limitation, the terms of the Judgment and the releases provided for therein (as well as the releases contained in this Stipulation), and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind in any court or tribunal against any Released Party concerning the Released Claims.

Provided that it is received before the motion for the Class Distribution Order is filed, a Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.   In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

          c.     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel.   The Claims Administrator shall determine in accordance with this Stipulation the extent, if any, to which each Claim shall be allowed, subject to review by the District Court pursuant to subparagraph (e) below;

          d.     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, in order to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.   The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the District Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

          e.     if any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must serve upon the Claims Administrator a written notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the District Court.

If a dispute concerning a Claim cannot otherwise be resolved, Lead Counsel shall thereafter present the request for review to the District Court; and

       f.     The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the District Court, on written notice to Defendants' Counsel, for approval by the District Court in the Class Distribution Order.

65.    Each Claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; *provided*, *however*, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of the Consolidated Action or this Settlement in connection with the processing of Claim Forms.

66.    If there is any balance remaining in the Net Settlement Fund six (6) months from the date of distribution of the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable efforts to have Authorized Claimants cash their distributions, and it is economically feasible, any balance remaining in the Net Settlement Fund shall be redistributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such redistribution after the payment of any Taxes and unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  Lead Counsel shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class Members in the same manner and time frame as provided for above.  In the event that Lead Counsel determines that further redistribution of any balance remaining (following the initial

distribution and redistribution) is no longer feasible, thereafter Lead Counsel shall donate the remaining funds, if any, to a non-sectarian, not-for-profit 501(c)(3) organization serving the public interest, to be designated by Lead Counsel and approved by the District Court.

67.     Lead Counsel will apply to the District Court, on written notice to Defendants, for a Class Distribution Order:   (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any fees and expenses associated with the administration of the Settlement from the Settlement Fund; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

68.     Payment pursuant to the Class Distribution Order shall be final and conclusive as to all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the District Court shall be barred from participating in distributions from the Net Settlement Fund.  Whether or not a Settlement Class Member submits a Claim, or any Claim is not allowed either in whole or in part, all Settlement Class Members shall be bound by all of the terms of this Stipulation and the Settlement, including, without limitation, the terms of the Judgment and the releases provided for therein and herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding against any and all Released Parties concerning any Released Claims.  No Authorized Claimant shall have any claim against Lead Plaintiff, Defendants, any of their counsel, or any Released Party based on the distributions made substantially in accordance with this Stipulation and/or orders of the Court.   Plaintiff, Defendants, their respective counsel, and the Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any

27

Claim Form or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

69.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the District Court.

### Order of Preliminary Approval of Settlement

70.     As soon as practicable, the Settling Parties shall jointly apply to the District Court for the entry of a Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  The Preliminary Approval Order shall preliminarily approve the Settlement, provide for mailing of the Notice and Claim Form to the members of the Settlement Class, direct the publication of the Summary Notice, schedule the Settlement Hearing, provide that any member of the Settlement Class who wishes to be excluded from the Settlement Class shall notify the Claims Administrator by a date certain to be fixed by the District Court (the "Opt-Out Deadline") of his/her/its intention to be excluded from the Settlement Class, and address other matters referred to therein.

71.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail such request by first-class mail to the address specified in the Notice and have it post-marked by the Opt-Out Deadline.  The request for exclusion must be signed by such Person or his, her, or its authorized representative and shall include: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the amount of MOL ADS purchased, acquired and/or sold during the Class Period; (c) prices paid or received for such MOL ADS; (d) the date of each purchase, acquisition or sale transaction; and (e) a statement that the Person wishes to be excluded from the Settlement Class.  A request for exclusion shall not be effective

unless it provides all the required information and is post-marked within the time stated above, or is otherwise accepted by the Court.  Any Settlement Class member who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Class Member, and shall be deemed by operation of law to be bound by the terms of this Settlement Agreement, including but not limited to the release of all Released Claims against the Released Parties.

## Final Judgment to be Entered

72.     If the District Court approves the Settlement, the Settling Parties shall jointly request that the District Court enter the Final Approval Order substantially in the form attached hereto as Exhibit B.  The Final Approval Order shall include, at least, provisions: (a) directing consummation of the Settlement; (b) confirming certification of the Settlement Class for settlement purposes; (c) approving the terms and conditions of the Stipulation; (d) providing for the payment of Plaintiff's Counsel's attorneys' fees and expenses; (e) reserving jurisdiction over the effectuation of the Settlement; (f) barring and enjoining the Releasors from prosecuting any Released Claims in the Consolidated Action or any other action or proceeding; (g) dismissing the Consolidated Action with prejudice; and (h) releasing any and all of Released Defendants' Claims as against Plaintiff and the Settlement Class.

## Settlement Administration

73.     Once MOL deposits or causes to be deposited the Settlement Amount into the Escrow Account, Lead Counsel shall cause up to $250,000 to be transferred from the Escrow Account to an account to be used for the payment of reasonable out-of-pocket costs paid or incurred in connection with the notice and administration of the Settlement, including but not limited to:

      a.      Printing and mailing the Notice and Claim Form to members of the Settlement Class;

      b.      Costs to reimburse brokers or nominees in connection with dissemination of the Notice and Claim Form to members of the Settlement Class who were beneficial owners of MOL ADS;

      c.      Publication of the Summary Notice;

      d.      Costs associated with the investment, maintenance, or administration of the Gross Settlement Fund and the Net Settlement Fund;

      e.      Taxes on the Gross Settlement Fund and the Net Settlement Fund, as well as costs of preparing and filing related tax returns; and

      f.      Costs associated with the processing and administration of Claims.

74.      Lead Counsel and/or the Claims Administrator shall maintain accurate records of all expenditures and out-of-pocket costs incurred in connection with the administration of the Settlement that are paid or incurred from the Gross Settlement Fund.

75.      After ten (10) business days following the Effective Date, Lead Counsel shall have the authority and the obligation to cause distributions from the Net Settlement Fund to be made to Authorized Claimants pursuant to the terms and conditions of this Stipulation.  Under no circumstances shall any distribution from the Net Settlement Fund be made prior to the Effective Date.

76.      The administration and disposition of the Gross Settlement Fund shall be the responsibility of Lead Counsel and the Claims Administrator in accordance with the terms and conditions herein; *provided*, *however*, that MOL shall reasonably cooperate with Lead Counsel or its designated agent in obtaining MOL's transfer records, in electronic form (if available, and

at no cost to the Gross Settlement Fund, Lead Counsel, or the Claims Administrator), in order to identify and provide notice to the Settlement Class.  Further, MOL shall provide such transfer records to Lead Counsel or its designated agent at least ten (10) days before the Court-ordered deadline to provide such notice to the Settlement Class.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to the members of the Settlement Class at the address of each such Person as set forth in the records of MOL or its transfer agent (to the extent that such records are available and can be obtained with reasonable effort) or who otherwise may be identified through further reasonable effort.  Lead Counsel also shall cause the Summary Notice to be published pursuant to the terms of the Preliminary Approval Order or in whatever other form or manner might be ordered by the District Court.

77.     Neither the Defendants nor Defendants' Counsel shall have any responsibility, liability, or obligation for the administration or disposition of the Gross Settlement Fund or for any Taxes or expenses owed in connection with the Gross Settlement Fund.

78.     The Gross Settlement Fund shall at all times be treated as being one or more qualified settlement funds within the meaning of IRC § 468B and Treasury Regulation § 1.468B-1.  All funds and property in the Gross Settlement Fund, until distributed therefrom, shall be subject to the continuing jurisdiction of the District Court.  In addition, Lead Counsel or their duly appointed agent(s) shall comply with IRC § 468B and the regulations promulgated thereunder, and shall keep proper books and records of all transactions, file informational or other tax returns necessary to report income earned by the Gross Settlement Fund as and when legally required (including, without limitation, the returns described in Treasury Regulation § I.46813-2(k)), make all federal, state, and local tax payments due on such income, and make the following election as is necessary or advisable to carry out the provisions of this paragraph: the

"relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earlier permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulation. Such tax returns and elections described above shall reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund.

79.     All (i) Taxes and (ii) expenses and costs incurred in connection with the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants and costs and expenses relating to filing the returns described in the preceding paragraph (together, "Tax Expenses")) and the distribution of the Net Settlement Fund shall be paid from the Gross Settlement Fund.  Defendants, Plaintiff, members of the Settlement Class, and their respective counsel shall have no responsibility to pay such Tax Expenses.  Further, Taxes and the Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Gross Settlement Fund without prior order from the District Court, and Lead Counsel or their duly appointed agent(s) shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)).

## Releases

80.     As of the Effective Date, the Releasors shall grant full and complete discharge, dismissal with prejudice, settlement and release of, and agree to be barred by a permanent injunction from the assertion of, Released Claims against any of the Released Parties and their attorneys.  In furtherance of such intention, Plaintiff, as an individual and as the representative of the Settlement Class, and, by operation of law, all members of the Settlement Class, hereby

acknowledge that this release shall be a full and complete release of the Released Claims, notwithstanding the subsequent discovery or existence of any additional or different facts.

81.     As of the Effective Date, each Defendant, on behalf of himself, herself or itself, his, her or its heirs, executors, administrators, predecessors, successors and assigns, shall grant full and complete discharge, dismissal with prejudice, settlement and release of, and agree to be barred by a permanent injunction from the assertion of Released Defendants' Claims against Plaintiff, Plaintiff's Counsel, and the other members of the Settlement Class and their respective counsel.  In furtherance of such intention, Defendants hereby acknowledge that this release shall be a full and complete release of the Released Defendants' Claims, notwithstanding the subsequent discovery or existence of any additional or different facts.

82.     Notwithstanding the provisions of Paragraphs 32 and 80 hereof, in the event that any of the Released Parties asserts any claim that is a Released Defendants' Claim against Plaintiff, Plaintiff's Counsel, and the other members of the Settlement Class or their respective counsel, then such Plaintiff and its counsel, or the other members of the Settlement Class or their respective counsel, shall be entitled to use and assert such factual matters included within the Released Claims only against that Released Party in defense of such claim, but not for the purposes of affirmatively asserting any claim against any Released Party.

83.     The Claim Form to be executed by members of the Settlement Class shall release all Released Claims against the Released Parties and shall be substantially in the form of Exhibit A-3 hereto.  Members of the Settlement Class who do not file a Claim Form and Release shall be deemed by operation of law to have released all Released Claims against the Released Parties.

<u>**Attorneys' Fees and Expenses**</u>

84.     Lead Counsel intends to apply to the District Court for an award to be paid from the Gross Settlement Fund of (i) attorneys' fees in the amount of 22.5% of the Gross Settlement

Fund, and (ii) reimbursement of out-of-pocket costs and disbursements incurred in connection with the Consolidated Action.  Defendants shall have no responsibility for any payment of attorneys' fees and expenses to Plaintiff's Counsel.  The Fee and Expense Award shall be the only award of attorneys' fees or costs paid to Plaintiff, Plaintiff's Counsel, or any counsel purporting to represent a member of the Settlement Class in connection with the Settlement. Defendants and the Released Parties shall have no liability or responsibility for the allocation among Plaintiff's Counsel of any fee and expense award that the District Court may make, and Defendants and the Released Parties take no position with respect to such matters.  It shall be the sole responsibility and obligation of Lead Counsel to allocate attorneys' fees among Plaintiff's Counsel, in accordance with their judgment as to each firm's contribution to the prosecution and settlement of the Consolidated Action.

85.     The Fee and Expense Award shall be withdrawn from the Escrow Account and paid to Lead Counsel out of the Gross Settlement Fund five (5) days upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Payment of a Fee and Expense Award shall be subject to the obligation of Plaintiff's Counsel to repay all or part of such amounts received, plus accrued interest at the rate paid on the Escrow Account, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced or the approval of the Settlement is reversed.  The Settling Parties agree that approval and consummation of the Settlement shall not be delayed by any dispute that may arise over any Fee and Expense Application, and Defendants shall not take any position on any such application.  The Settling Parties further agree that the denial, in whole

or in part, of any Fee and Expense Application shall in no way affect the enforceability, validity, or finality of the Settlement.

86.    The procedure for and the allowance or disallowance by the District Court of any applications by Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Gross Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and the District Court's consideration of Lead Counsel's Fee and Expense Application, or any order or proceeding relating to the Fee and Expense Application or the Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the entry of the Preliminary Approval Order and/or the entry or finality of the Final Approval Order.

87.    In the event that the order or judgment awarding the Fee and Expense Award is reversed or modified on appeal, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall, within thirty (30) days from receiving notice from a court of appropriate jurisdiction, refund to the Gross Settlement Fund the fees, expenses, costs, and interest previously paid to them to the extent necessary to comply with the relevant court order, plus accrued interest for the period of time the Fee and Expense Award has been paid at the rate paid on the Escrow Account.

## Supplemental Agreement

88.    Concurrently with the execution of this Stipulation, Plaintiff and Defendants, through their respective counsel, are executing a confidential "Supplemental Agreement," the substance of which provides that Defendants shall, at their sole and absolute discretion, have the right to withdraw from or terminate this Settlement in the event that potential Settlement Class

35

Members who meet certain criteria exclude themselves from the Settlement Class.  If Defendants decide to terminate this Settlement because members of the Settlement Class who purchased the requisite number of MOL ADS specified in the Supplemental Agreement request exclusion from the Settlement Class, they must notify Lead Counsel of their intent to do so no later than seven business (7) before the Settlement Hearing.  The Supplemental Agreement shall not be filed with the Court, unless the Court otherwise directs, and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice).  The Settling Parties will keep the terms of the Supplemental Agreement confidential except as provided in the Supplemental Agreement.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera*.  In the event of termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and the Settlement shall become null and void and of no further force and effect and the provisions of Paragraphs 92-97 of this Stipulation shall apply.

### Terms of the Judgment

89.     If the Settlement contemplated by this Stipulation is approved by the District Court, Lead Counsel and Defendants' Counsel shall jointly request that the District Court enter a Judgment substantially in the form annexed hereto as Exhibit B.  The following bar order provision shall be included, in substantially the following form, in the Judgment.

> Upon the Effective Date, the Released Parties are discharged from all claims for contribution and all claims for indemnification by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims.  Accordingly, to the fullest extent provided by law, upon the Effective Date the Court bars all the claims referred to in this paragraph (i) against the Released Parties; and (ii) by the Released Parties against any person or entity other than any person or entity whose liability to the Settlement Class has been extinguished pursuant to the Stipulation and this Judgment.

90.     Nothing in the bar order shall operate to release or alter the contractual rights, if any, (i) between or among the Underwriter Defendants under their applicable Agreement Among Underwriters relating to any offering of securities by MOL, or (ii) between the Underwriter Defendants, on the one hand, and MOL, on the other hand, under any applicable Underwriter Agreements with the respect to any right of indemnification or contribution.

**Stay Pending District Court Approval**

91.     Pending entry of the final approval of the Settlement and this Stipulation by the District Court, Plaintiff agrees to stay all proceedings relating to the Settlement Class in the Consolidated Action and to stay and not to initiate any other proceedings other than those incident to the Settlement itself and, if necessary, request and stipulate that the District Court enter an order staying the Consolidated Action on the above terms.

**Termination of Stipulation**

92.     In the event that: (i) the District Court declines to enter the Preliminary Approval Order in any material respect; (ii) this Stipulation or the Settlement is not finally approved by the District Court; (iii) the District Court declines to enter the Final Approval Order in any material respect; (iv) the Final Approval Order is modified or reversed in any material respect on appeal; or (v) Defendants withdraw from the Settlement pursuant to the terms of the Supplemental Agreement, then any Settling Party shall have the right to terminate (hereinafter a "Termination"), the Settlement and this Stipulation by providing written notice of its or their intention to do so to the other Settling Parties to the Stipulation within thirty (30) days of any of the foregoing.  In the event of a Termination, this Stipulation shall be deemed null and void, and shall have no further force and effect with respect to any Settling Party, and neither this Stipulation nor the settlement negotiations that led to the execution of this Stipulation shall be

used or referred to in any action or proceeding for any purpose, except for the refund of any amounts remaining in the Gross Settlement Fund (as provided below) to the source of the funds.

93.     In the event that Termination pursuant to Paragraph 92 occurs after the Fee and Expense Award is paid to any extent, Lead Counsel shall, within thirty (30) days of Termination refund to the Gross Settlement Fund the fees, expenses, costs, and interest previously paid to them, plus accrued interest for the period of time the Fee and Expense Award has been paid at the rate paid on the Escrow Account.

94.     In the event of a Termination, any sums in the notice and claims administration fund (as set forth in Paragraph 73) in excess of amounts paid and/or incurred for costs of the Claims Administrator prior to that Termination, and less any Taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of Termination, shall be returned to the source of the funds within five (5) business days of the Termination.  Further, any sums in the Escrow Account, with accrued interest but less any fund expenses, shall also be returned to the source of the funds within five (5) business days of the Termination.

95.     In the event of a Termination, the Consolidated Action shall thereupon revert to its status as of December 22, 2015 and shall proceed as if this Stipulation and related orders and papers had not been executed, and the Settling Parties shall cooperate in seeking appropriate extensions of the deadlines in the Consolidated Action so that the Settling Parties have adequate time to file pleadings and other papers.

96.     If any Settling Party exercises his or its right to withdraw from the Settlement pursuant to the terms of this Stipulation, the Settling Party exercising his or its right to withdraw from the Settlement shall provide written notice to counsel for each of the other Settling Parties

that are signatories to this Stipulation and to the District Court.  Such notice shall be made the

same day, by facsimile and overnight mail, by the Settling Party that exercises his or its right to

withdraw from, and thereby terminate, the Settlement.  Unless otherwise provided, the notice

provisions in this paragraph shall govern all notices effectuated with respect to this Stipulation

and any and all documents referenced therein or attached thereto. Notice shall be provided as

follows:

If to Plaintiff:

> Kirby McInerney LLP
> 825 Third Avenue, 16th Floor
> New York, NY 10022
> Telephone:  (212) 371-6600
> Facsimile:  (212) 751-2540
> Attn:   Daniel Hume
>             Ira M. Press
>             Meghan J. Summers
>
> *Lead Counsel for Plaintiff and the Settlement Class*

If to Defendants:

> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, New York 10036
> Telephone: (212) 735-3000
> Facsimile: (212) 735-2000
> Attn:   Jay B. Kasner
>             Scott D. Musoff
>             Matthew S. Barkan
>
> *Counsel for Defendant MOL Global, Inc.*

> Shearman & Sterling LLP
> 599 Lexington Avenue
> New York, New York 10022-6069
> Telephone: (212) 848-4000
> Facsimile: (646) 848-7179
> Attn:   Adam Selim Hakki

Brian Gerard Burke
Daniel Craig Lewis

*Counsel for the Underwriter Defendants*

97.     No order of the District Court, or modification or reversal on appeal of any order of the District Court, concerning the Plan of Allocation or the amount of any attorneys' fees, interest, or costs or expenses awarded to Plaintiff's counsel, shall constitute grounds for cancellation or termination of this Stipulation.

## Miscellaneous

98.     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

99.     The Settling Parties agree to employ the Mediator to arbitrate and resolve any disputes they may have with respect to this Stipulation and the Supplemental Agreement.

100.     The Settling Parties intend this Stipulation, the Supplemental Agreement, and the Settlement to be a final and complete resolution of all disputes between them with respect to the Consolidated Action and the Released Claims.  Accordingly, Defendants agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, to the effect that the Consolidated Action was brought in bad faith or without a reasonable basis.  The Parties to the Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experience legal counsel, following an extensive mediation conducted by the Mediator.  This Stipulation, the Supplemental Agreement, and the Settlement reference contested claims and shall not be deemed an admission by a Settling Party as to the

merits of any claim. Defendants expressly deny liability with respect to any and all allegations and claims in the Consolidated Action.  Plaintiff and its counsel will not refer to or assist any other Person in making claims against Defendants or any Released Party for any matters arising in or relating to the Consolidated Action, except as required by law or rule.  The Settling Parties agree that the amount of the Gross Settlement Fund and the other terms of the Settlement reflect a good faith settlement of the claims in the Consolidated Action, which has been reached voluntarily after consultation with competent legal counsel.

101.    In all public statements (apart from statements made in public documents filed with any court, which statements are relevant to the applicable court proceeding) concerning the Settlement and/or this Stipulation, if any, the Parties (and their counsel) will refer to Defendants Ganesh Kumar Bangah, Allan Sai Wah Wong, Craig White, Yit Fei Chang, Tek Kuang Cheah, Mun Kee Chang, Eric He, Noah J. Doyle, and Tan Sri Dato' Seri Vincent Tan individually or collectively as "Individual Defendant(s)," or alternately, as current or former director(s) or officer(s) or controlling shareholders of MOL, without identifying these Defendants by name. The Parties (and their counsel) shall limit all public statements (apart from statements made in public documents filed with any court, which statements are relevant to the applicable court proceeding), if any, concerning the Settlement to a description of the settlement terms and shall not make any public statements (apart from statements made in public documents filed with any court, which statements are relevant to the applicable court proceeding) concerning the merit, or lack thereof, of any of the claims asserted in the Consolidated Action.  Plaintiff, the Settlement Class and Lead Counsel expressly acknowledge that the statement issued by MOL on February 24, 2016, complies with the requirements of this paragraph.

102.    All counsel executing this Stipulation and any of the Exhibits hereto, the Supplemental Agreement, or any related settlement documents and releases, warrant and represent that they have been duly authorized and empowered to do so by their respective clients and/or by court order.

103.    All Settling Parties agree to support and promote the Settlement and to otherwise use their best efforts to obtain all approvals necessary and do all things necessary to effectuate the Settlement and this Stipulation according to its terms, and shall not take actions that are inconsistent with promoting the Settlement.   The Settling Parties further represent that this Stipulation is the product of arm's-length negotiation.

104.    This Stipulation, the releases contemplated herein, the Supplemental Agreement and all related settlement documents shall be governed and interpreted in accordance with the laws of the State of New York without regard to conflicts of laws principles.

105.    By entering into this Stipulation, Plaintiff and Defendants shall not be deemed to have waived any attorney-client privilege or other privilege, work product protection, or other protection, and all information and documents transmitted between Plaintiff's Counsel and Defendants' Counsel in connection with this Stipulation and Settlement shall be inadmissible in any proceeding in any federal or state court or other tribunal, or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such rule applied in all respects in any such proceeding or tribunal.

106.    This Stipulation, all Exhibits hereto, the releases contemplated herein, the Supplemental Agreement, and all related settlement documents represent the entire agreement between and among the Settling Parties hereto and supersede any prior agreements or understandings between and among the Settling Parties with respect to the subject matter hereof.

107.     This Stipulation, all Exhibits hereto, the releases contemplated herein, the Supplemental Agreement, and all related settlement documents may be amended or modified only by a written instrument signed by all Settling Parties to this Stipulation or their successors-in-interest.

108.     This Stipulation, the Supplemental Agreement, and all related settlement documents may be executed in one or more counterparts, including by signature transmitted by facsimile or PDF, all of which shall be one and the same instrument and all of which shall be considered duplicate originals.

109.     This Stipulation, the releases contemplated herein, the Supplemental Agreement and all related settlement documents shall be binding upon, and inure to the benefit of, the Settling Parties hereto and their respective heirs, insurers, executors, administrators, legal representatives, successors, and assigns.

110.     Upon receiving any objections to the Settlement or requests for exclusion pursuant to the Notice, the Claims Administrator shall promptly provide Lead Counsel and Defendants' Counsel copies of those objections to the Settlement or requests for exclusion.

111.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

112.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breaches of this Stipulation, or a waiver by any other Settling Party.

113.     Each of the Parties warrants and represents that he, she or it has not assigned or transferred to any Person any Released Claims, any Released Defendants' Claims, or any other claims related to the matters alleged in the Consolidated Action.

114.    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that the Stipulation is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.  Each Settling Party hereto has consulted with such Settling Party's own attorneys and fully understands the terms hereof and each Settling Party hereto has received legal advice from such Settling Party's own attorneys regarding the advisability of entering into this Stipulation and is voluntarily executing this Stipulation.

115.    The only parties to this Stipulation are the parties identified on page 1 of this Stipulation.

116.    To the extent that Defendants determine to provide notice under the provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, Defendants alone shall bear that expense, as well as the responsibility of providing such notice.

### Retention of Jurisdiction

117.    Without affecting the finality of the Final Approval Order entered in accordance with this Stipulation, the District Court shall retain jurisdiction over the Consolidated Action for the purpose of allowing, disallowing, or adjusting the claim of any Authorized Claimant on equitable grounds, administering the Settlement, resolving any dispute relating to or arising from this Stipulation, and awarding Lead Counsel attorneys' fees and reimbursing their expenses.

### [SIGNATURE PAGE FOLLOWS]

Dated: <u>April 11, 2016</u>

KIRBY McINERNEY LLP

By: _____
Daniel Hume
Ira M. Press
Meghan J. Summers
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
ipress@kmllp.com
dhume@kmllp.com
msummers@kmllp.com

*Lead Counsel for Class and Counsel for*
*Lead Plaintiff TAP Retirement Fund*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____
Jay B. Kasner
Scott D. Musoff
Matthew S. Barkan
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com
matthew.barkan@skadden.com

*Attorneys for Defendant MOL Global, Inc.*


SHEARMAN & STERLING LLP

By: _____
Adam Selim Hakki
Brian Gerard Burke
Daniel Craig Lewis
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000
Facsimile: (646) 848-7179
adam.hakki@shearman.com
brian.burke@shearman.com
daniel.lewis@shearman.com

*Attorneys for the Underwriter Defendants*

Dated: <u>April 11, 2016</u>

KIRBY McINERNEY LLP

By: _____
Daniel Hume
Ira M. Press
Meghan J. Summers
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
ipress@kmllp.com
dhume@kmllp.com
msummers@kmllp.com

*Lead Counsel for Class and Counsel for*
*Lead Plaintiff TAP Retirement Fund*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: _____
Jay B. Kasner
Scott D. Musoff
Matthew S. Barkan
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com
matthew.barkan@skadden.com

*Attorneys for Defendant MOL Global, Inc.*

SHEARMAN & STERLING LLP

By: _____
Adam Selim Hakki
Brian Gerard Burke
Daniel Craig Lewis
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000
Facsimile: (646) 848-7179
adam.hakki@shearman.com
brian.burke@shearman.com
daniel.lewis@shearman.com

*Attorneys for the Underwriter Defendants*

45