Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MOL GLOBAL, INC. SECURITIES LITIGATION | Civil Action No. 14-Civ-9357 (WHP) **ECF Case** |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

**WHEREAS**, a consolidated class action is pending in this Court, captioned *In re MOL Global, Inc. Securities Litigation*, 14 Civ. 9357 (WHP) (the "Consolidated Action");

**WHEREAS**, (i) Lead Plaintiff Lembaga Tabung Amanah Pekerja (the "TAP Retirement Fund" or "Plaintiff"), on behalf of itself and, by operation of law, on behalf of each member of the Settlement Class,[1] and MOL Global, Inc. ("MOL"), certain of its officers, directors, and controlling shareholders, and Citigroup Global Markets Inc., Deutsche Bank Securities Inc., and UBS Securities LLC, underwriters of MOL's October 9, 2014 initial public offering ("IPO") (collectively, the "Defendants"),[2] have entered into the Stipulation providing for the Settlement of the Consolidated Action and a complete dismissal with prejudice of the claims asserted in the Consolidated Action, as well as release of all Released Claims and Released Defendants' Claims,

---

[1] All capitalized terms used herein shall have the same meaning as they have in the Stipulation of Settlement dated April 8, 2016 ("Stipulation"); unless otherwise specified, all undefined terms with initial capitalization are defined below.

[2] Defendants Citigroup Global Markets Inc., Deutsche Bank Securities Inc., and UBS Securities LLC are collectively referred to as the "Underwriter Defendants." Defendants Ganesh Kumar Bangah, Allan Sai Wah Wong, Craig White, Yit Fei Chang, Tek Kuang Cheah, Mun Kee Chang, Eric He, Noah J. Doyle, and Tan Sri Dato' Seri Vincent Tan are collectively referred to as the "Individual Defendants," and together with MOL, are referred to as the "MOL Defendants." The MOL Defendants and the Underwriter Defendants are collectively referred to as the "Defendants."

1

Exhibit B

which include Unknown Claims, on the terms and conditions set forth in the Stipulation, subject to approval of this Court;

**WHEREAS,** unless otherwise defined in this Final Approval Order and Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

**WHEREAS,** in the Preliminary Approval Order dated _____ __, 2016, this Court (a) preliminarily approved the Settlement; (b) preliminarily certified the Consolidated Action as a class action for purposes of the Settlement only; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Settlement Class;

**WHEREAS**, the Court conducted a hearing on _____ __, 2016 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; (ii) whether a judgment should be entered dismissing the Consolidated Action with prejudice as against the Defendants; (iii) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and (iv) whether and in what amount to award Plaintiff's Counsel's fees and reimbursement of expenses;

**WHEREAS**, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, and the record in the Consolidated Action, and with good cause appearing therefor;

Exhibit B

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Consolidated Action and all matters relating to the Settlement, and over all Parties to the Consolidated Action, including, but not limited to, the Plaintiff, all Settlement Class Members, and the Defendants.

3. Plaintiff is hereby appointed, for purposes of the Settlement only, as Settlement Class Representative in respect of the Settlement Class for purposes of Federal Rule of Civil Procedure 23. Kirby McInerney LLP, which was appointed by the Court to serve as Lead Counsel, is hereby appointed, for purposes of the Settlement only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

4. The Settlement Class that this Court preliminarily certified for purposes of the Settlement only in the Preliminary Approval Order is hereby finally certified for purposes of the Settlement only under Federal Rule of Civil Procedure 23(b)(3).

5. Pursuant to the Preliminary Approval Order, the Court certified, for purposes of the Settlement only, a Settlement Class consisting of:

> Any and all persons or entities that purchased MOL American Depositary Shares ("ADS") during the period from October 9, 2014 through November 21, 2014, inclusive (the "Class Period"), including any and all of their respective successors-in-interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, but excluding all Defendants and their Immediate Family Members, and the officers and directors and affiliates of the Defendants, during the Class Period, including but not limited to the Individual Defendants and the Underwriter Defendants, Immediate Family Members of the Individual Defendants, and any Person, firm, trust, corporation, officer, director, or other

individual or entity in which during the Class Period any Defendant had a majority interest; also excluded from the Class are the legal representatives, heirs, administrators, successors-in-interest, or assigns of any such excluded party, provided however, that any Investment Vehicle shall not be deemed an excluded person or entity by definition.; also excluded from the Class are the legal representatives, heirs, administrators, successors-in-interest, or assigns of any such excluded party.

6. In addition to those Persons excluded from the Settlement Class by the class definition, excluded from the Settlement Class are those persons identified on Exhibit A, annexed hereto, who filed timely and valid requests for exclusion.

7. In granting final certification of the Settlement Class, the Court finds that, for purposes of the Settlement only, the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiff and Lead Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

    a. said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class, and the Settlement Class Members and the Settling Parties to the Stipulation are directed to implement the Stipulation in accordance with its terms and provisions;

      b.     there was no collusion in connection with the Stipulation;

      c.     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

      d.     the record is sufficiently developed and complete to have enabled the Class Representative and Defendants to have adequately evaluated and considered their positions.

      9.     The complaints filed in the Consolidated Action are hereby dismissed with prejudice and without costs, except as provided in the Stipulation.

      10.     The Court finds that the complaints filed in the Consolidated Action were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, *et seq.*, as amended ("PSLRA") and Rule 11 of the Federal Rules of Civil Procedure.  The Court further finds that during the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

      11.     The Notice was disseminated and published in accordance with the Preliminary Approval Order.  The form and method of notifying the Settlement Class of the pendency of the Consolidated Action as a class action and of the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1933 (as amended by the PSLRA), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

      12.     Neither this Final Approval Order and Judgment, the Stipulation, the Supplemental Agreement, nor any negotiations or proceedings connected thereto, nor any of the

documents, provisions, or statements referred to therein: (i) is, or shall be deemed to be, or shall be used as an admission of any Defendant, any Released Party, or any other Person of the validity of any Released Claims, or any wrongdoing by or liability of any Defendant or Released Party; (ii) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendant or any Released Party in any statement, release, or written documents issued, filed, or made; (iii) shall be offered or received in evidence against any Defendant or Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement set forth therein, the releases provided pursuant thereto, and/or the Final Approval Order, except that the Stipulation may be filed in this Consolidated Action or in any subsequent action brought against any of the Defendants, their insurers, and/or any of the Released Parties in order to support a defense or counterclaim of any Defendant and/or any Released Party of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Stipulation as injunctive relief; (iv) shall be construed against the Defendants, Released Parties, Plaintiff, and members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (v) shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiff and members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable in the Consolidated Action would not have exceeded the Gross Settlement Fund.

Exhibit B

13. The releases set forth in Paragraphs 32 and 80 of the Stipulation (the "Releases"), together with the definitions contained in Section IV. A of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) the Releasors shall be deemed by operation of law to have fully granted and completely discharged, dismissed with prejudice, settled and released, and agreed to be barred by a permanent injunction from the assertion of, Released Claims against any of the Released Parties and their attorneys, and

(b) each Defendant, on behalf of himself, herself, or itself, as well as on behalf of his, her, or its heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed by operation of law to have fully granted and completely discharged, dismissed with prejudice, settled and released, and agreed to be barred by a permanent injunction from the assertion of Released Defendants' Claims against Plaintiff, Plaintiff's Counsel and the other members of the Settlement Class and their respective counsel.

14. The terms of the Stipulation and of this Final Approval Order and Judgment shall be forever binding on Defendants, Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

15. The Persons listed on Exhibit A, annexed hereto, have submitted requests for exclusion from the Settlement Class that were accepted by the Court. By virtue of such requests, those Persons are deemed not to be members of the Settlement Class, and have no rights to

participate in the Settlement or to receive any distributions from the Net Settlement Fund. Except for those Persons listed on Exhibit A, no other persons have submitted requests for exclusion from the Settlement Class that were accepted by the Court. The Persons listed on Exhibit A are the only Persons whose requests for exclusion have been accepted, and, as a consequence, these Persons are not bound by the terms of the Stipulation and this Final Approval Order and Judgment.

16. The Escrow Agent appointed by Lead Counsel shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Defendant, or any other Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Lead Counsel, Plaintiff, the Escrow Agent, and the Claims Administrator shall have no liability to any Settlement Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to Settlement Class Members.

17. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

18. Upon the Effective Date, the Released Parties are discharged from all claims for contribution and all claims for indemnification by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims. Accordingly, to the fullest extent provided by law, upon the Effective Date the Court bars all the claims referred to in this paragraph (i) against the Released Parties; and (ii) by the Released Parties against any person or entity other than any person or entity whose liability

to the Settlement Class has been extinguished pursuant to the Stipulation and this Final Approval Order and Judgment.

19.     Plaintiff's counsel are hereby awarded _____% of the Gross Settlement Fund in attorneys' fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which shall be paid to Plaintiff's Counsel from the Gross Settlement Fund with interest at the same net rate that the Gross Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiff's Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiff's Counsel for their respective contributions in the prosecution of the Consolidated Action.

20.     In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a)     The Settlement has created a fund of $8,500,000 in cash, plus interest thereon, that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, acceptable Claim Forms will benefit from the Settlement created by Plaintiff's Counsel.

(b) Over _____ copies of the Notice Packet were disseminated to Settlement Class Members indicating that Plaintiff's Counsel were moving for attorneys' fees in the amount of twenty-two and a half percent (22.5%) of the Gross Settlement Fund and for reimbursement of expenses in an amount not to exceed $_____ and _____ objections were filed against the Fee and Expenses Application filed by Plaintiff's Counsel contained in the Notice;

(c) Plaintiff's Counsel have litigated the Consolidated Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

9

(d) The Consolidated Action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiff's Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

(f) Plaintiff's Counsel have devoted over _____ hours, with a lodestar value of $_____, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair, reasonable and consistent with fee and expense awards in similar cases.

21. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Gross Settlement Fund five (5) days after the date this Final Approval Order and Judgment is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

22. This Court hereby retains exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to this Consolidated Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Final Approval Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

23. In the event that the Settlement is terminated as provided in the Stipulation, or the Effective Date otherwise does not occur, then this Final Approval Order and Judgment, and all orders entered and releases delivered in connection herewith, shall be vacated, rendered null and

void to the extent provided by and in accordance with the Stipulation, and this Final Approval Order and Judgment shall be without prejudice to the rights of the Class Representative, the other Class Members, and Defendants, and the Settling Parties shall revert to their respective positions in the Consolidated Action as of December 22, 2015, as provided in the Stipulation.

24. Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Final Approval Order and Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

25. As there is no just reason for delay in the entry of this Final Approval Order and Judgment, the Court hereby directs that this Final Approval Order and Judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiff and the Settlement Class against the Defendants in this Consolidated Action, it allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Settlement Class Members.

IT IS SO ORDERED.

DATED:

_____
THE HONORABLE WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE